# In the United States Court of Federal Claims

No. 07-157C, No. 07-167C,
No. 07-184C
Filed: December 20, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY and SOUTHERN CALIFORNIA EDISON COMPANY, | \* \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* \* |
| SAN DIEGO GAS & ELECTRIC COMPANY, | \* \* \* |
| Plaintiff, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* |

RCFC 54(b) (judgment on multiple claims or involving multiple parties);
RCFC 59(a) (grounds for reconsideration);
RCFC 59(e) (motions to alter or amend a judgment).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA EX REL., EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION, | \* \* \* \* \* \* \* \* \* \* |
| Plaintiff, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Marie L. Fiala**, Sidley Austin L.L.P, San Francisco, CA, for Plaintiff, Pacific Gas & Electric Company. **Jane I. Ryan**, Steptoe & Johnson L.L.P., Washington, D.C., for Plaintiff, Southern California Edison Company. **Mark Fogelman**, Friedman & Springwater L.L.P., San Francisco, CA, for Plaintiff, San Diego Gas & Electric Company. **Gary Alexander**, Deputy Attorney General, for Plaintiff The People of the State of California, Office of the Attorney General, San Francisco, CA.

**Timothy P. McIlmail**, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for the Government.

## MEMORANDUM OPINION AND ORDER TO VACATE

### I.   PROCEDURAL HISTORY.

The Complaints in the above-captioned cases were filed on: March 12, 2007; March 13, 2007; and March 16, 2007.[1]  Following a trial from July 12, 2010 to August 2, 2010, former Senior Judge Loren A. Smith issued May 2, 2012 Opinions determining that Defendant ("the Government") was liable for a breach of contract, because the Government failed to refund electricity overcharges paid by Plaintiffs in their capacity as participants in the ISO and PX markets during the Energy Crisis of 2000–2001 in the State of California. *See California ex rel. Brown v. United States*, 105 Fed. Cl. 18 (2012); *Pac. Gas & Elec. Co. v. United States*, 105 Fed. Cl. 420 (2012) (collectively the "May 2, 2012 Opinions").

On April 15, 2013, former Chief Judge Emily C. Hewitt issued an Order transferring these cases to the undersigned judge, pursuant to RCFC 40.1(c).

On May 9, 2013, a telephone conference was convened to discuss the May 2, 2012 Opinions, during which the court expressed concern about the lack of citations to the record supporting the factual findings contained therein.  The court requested that the parties provide citations to the record that supported the factual findings.  On June 21, 2013, the Government submitted a Status Report "respectfully declin[ing] to furnish annotations or citations for the [c]ourt's May 2, 2012 interlocutory decision[s]."  Gov't Status Report at 2, *Pac. Gas & Elec. Co. v. United States* (No. 07-157), Dkt. No. 303.  Instead, the Government proposed five alternatives, including, *inter alia*, that the court vacate the May 2, 2012 Opinions or allow the parties to file proposed findings of fact and conclusions of law to assist the court in issuing new opinions. *Id.* at 3.

On July 3, 2013, Plaintiffs submitted a Status Report that included a copy of the May 2, 2012 Opinions, annotated with record citations and responding to the Government's June 21, 2013 Status Report.  On July 17, 2013, the Government filed a Response.  On July 26, 2013,

---

[1] Case number 07-157C was filed on March 12, 2007; Case number 07-167C was filed on March 13, 2007; and Case number 07-184C was filed on March 16, 2007.  On May 23, 2007 the court granted the Government's Motion To Consolidate case number 07-157C with 07-167C.  Case number 07-157C was designated the lead case.  Pursuant to the court's July 21, 2010 Order, all evidence presented in the above-captioned proceedings was made part of the record in all three actions.  Case number 07-184C, however, was not consolidated with the other related cases.

Plaintiffs requested to file a Reply. On September 24, 2013, the court convened a telephone conference and granted Plaintiffs leave to file a Reply. On September 27, 2013, Plaintiffs re-filed the July 26, 2013 Reply.

On or about October 9, 2013, the court began an independent examination of each sentence of the May 2, 2012 Opinions, together with the record citations provided by Plaintiffs. In addition, the court reviewed the substantive analysis of the May 2, 2012 Opinions.

## II.   DISCUSSION.

The May 2, 2012 Opinions are interlocutory. It has long been recognized that courts have the inherent power to modify interlocutory orders before entering a final judgment. *See Marconi Wireless Telegraph Co. v. United States,* 320 U.S. 1, 47–48 (1943) (stating that a court has power "at any time prior to entry of its final judgment . . . to reconsider any portion of its decision and reopen any part of the case"); *see also John Simmons Co. v. Grier Bros. Co.,* 258 U.S. 82, 88 (1922) ("If [the order is] only interlocutory, the court at any time before final decree may modify or rescind it."). In other words, at "an interlocutory stage, the common law provides that the court has power to reconsider its prior decision on any ground consonant with application of the law of the case doctrine." *Wolfchild v. United* States, 68 Fed. Cl. 779, 784–85 (2005) (citing *Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 95 (2005) (when an opinion and order is not a final judgment, "the strict rules governing motions to amend and alter final judgments under Rule 59 do not apply.")). In sum, the trial court is not required to "adhere to . . . previous rulings if they have not been adopted, explicitly or implicitly, by the appellate court's judgment." *Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991). Instead, the court "has the power to reconsider its decisions until a judgment is entered." *Id.*

Pursuant to RCFC 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." RCFC 54(b) (emphasis added). Therefore, the court may reconsider all or some of the issues, for any reason sufficient to justify rehearing in a suit at law or in equity in federal court. *See* RCFC 59(a)(1)(A)–(B); *see also Wolfchild*, 68 Fed. Cl. at 784 ("Correlatively, RCFC 59(a)(1) provides that 'reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States'") (quoting RCFC 59(a)(1)).

Where, as here, one judge "has rendered an order or judgment and the case is then transferred to another judge," the "successor judge has the same discretion to reconsider an order as . . . the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997). "To the extent that a trial judge can alter a previous ruling, so too can a successor judge." *Exxon Corp.*, 931 F.2d at 878. And, of course, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 833 (Fed. Cir. 2010) (The "trial court 'may' reopen a judgment after a bench trial to take additional evidence or amend its findings, [and] the decision to do so rests within the sound discretion of the trial court." (quoting Fed. R. Civ. P. 59(a)(2))).

3

With the foregoing authorities in mind, the court has determined that the interests of justice require that the May 2, 2012 Opinions be vacated[2] and both the factual and legal rulings therein be reconsidered, particularly jurisdictional issues that previously were raised, but summarily rejected without a formal opinion. *See* Order, *Pac. Gas & Elec. Co. v. United States*, (No. 07-157C), Dkt. No. 47; and Order, *California ex rel. Brown v. United States*, (No. 07-184C), Dkt. No. 55.

The court has not reached this decision without a careful consideration of the prior briefing and record developed by the parties. In that regard, neither party should make any assumption about the court's decision to reconsider, other than it intends to issue a memorandum opinion and order that provides revised factual findings and a more detailed legal analysis of issues that likely will arise on appeal. To date, the court has done a considerable amount of work toward that end and will endeavor to complete this process, by the end of February 2014. At present, the court requires no further briefing or argument by the parties.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[2] Specifically, the court vacates: Published Opinion, *Pac. Gas & Elec. Co. v. United States*, (No. 07-157C), Dkt. No. 259, 105 Fed. Cl. 420 (2012) and Published Opinion, *California ex rel. Brown v. United States*, (No. 07-184C), Dkt. No. 228, 105 Fed. Cl. 18 (2012).